IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SUHEIDY SOTO CONCEPCION
    Reg. No. 72848-067

    Petitioner,

v.                                           Case No. 5:22cv280/TKW/MAL

CASE MANAGER,
MARY LEWIS and
WARDEN DR. PISTRO,
FCI MARIANNA

    Respondents.
_____/

## **REPORT AND RECOMMENDATION**

Petitioner initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in November of 2022. Doc. 1. Petitioner raised a single ground for relief. She seeks application of sentencing credits she claims she is due under the First Step Act ("FSA").

On December 5, 2022, the Court directed Petitioner to either remit the $5.00 filing fee or file a complete application to proceed *in forma pauperis*. Doc. 3. When Petitioner did not comply, the Court entered an order to show cause why the case should not be dismissed for Petitioner's failure to comply. Doc. 4. She was warned that a failure to comply with the Court's order would result in a recommendation of dismissal of this case. She has not responded.

The Court has confirmed that Petitioner's release date, formerly October 14, 2026, has recently been updated to October 14, 2025. This is presumably a result of the BOP's automation of the FSA time credits calculation that was to begin in January of 2023. Thus, it appears Petitioner's failure to comply may be because her petition has become moot due to the full 365 days of credits being awarded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of her case, and it appears the petition is moot, her petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on January 25, 2023.

>s/ *Midori A. Lowry*
>Midori A. Lowry
>United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.